UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ALVARO UVIEL CASTRO,

    Petitioner,

v.

                                                Civil Case No.: 8:13-cv-54-T-24 TBM
                                                Criminal Case No.: 8:07-cr-455-T-24 TBM

UNITED STATES OF AMERICA,

    Respondent.
_____/

## ORDER

This cause comes before the Court on Petitioner's Motion for Reconsideration. (CV Doc. No. 4, 5). In this motion, Petitioner asks the Court to reconsider its order (CV Doc. No. 3) denying his § 2255 motion, in which he argued that he was actually innocent of the charges pursuant to United States v. Bellaizac-Hurtado, 700 F.3d 1245 (11th Cir. 2012).

There are three major grounds justifying reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or to prevent manifest injustice. Sussman v. Salem, Saxon & Nielsen, P.A., 153 F.R.D. 689, 694 (M.D. Fla. 1994)(citations omitted). The Court notes that reconsideration of a previous order is an extraordinary remedy to be employed sparingly. See id. (citations omitted). Upon review of Petitioner's motion, the Court finds that it should be denied, because reconsideration is not warranted.

Petitioner was arrested in *international* waters in the Eastern Pacific Ocean. (CR Doc. No. 39, p. 12-13). As such, Bellaizac-Hurtado is factually distinguishable and does not establish that Petitioner was actually innocent of the crimes charged. Accordingly, Petitioner's Motion for

Reconsideration (CV Doc. No. 4) is **DENIED.**

**DONE AND ORDERED** at Tampa, Florida, this 21st day of June, 2013.

SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record
Pro Se Petitioner